ORIGINAL

**375-15**

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 17 2015

Abel Acosta, Clerk

PD - 65 - 134

COURT OF CRIMINAL APPEALS OF TEXAS

TEX. R. APP. P. 68.4

---

PERCY BENJAMIN SMITH III
PETITIONER
V.
THE STATE OF TEXAS

---

ON PETITION FOR DISCRETIONARY REVIEW
THE COURT OF CRIMINAL APPEALS
IN No. 14-15-00163

THE CONVICTION IN NO. 65134.CR FROM THE
412th JUDICIAL DISTRICT COURT OF BRAZORIA
COUNTY, TEXAS

---

PETITION FOR DISCRETIONARY REVIEW

PERCY BENJAMIN SMITH III
T.D.C.J.#. 1745775
815 12th STREET
HUNTSVILLE, TEXAS
77348

FILED IN
COURT OF CRIMINAL APPEALS

SEP 17 2015

Abel Acosta, Clerk

## NAMES OF ALL PARTIES
### TEX. R. APP. P. 38. 1(A)

PETITIONER . . . . . . . . . . . PERCY BENJAMIN SMITH III
T.D.C.J. # 1745775
HUNTSVILLE UNIT
815 12th STREET
HUNTSVILLE, TEXAS
77348

PETITIONER Trial-Counsel . . . . Michael Diaz

PETITIONER APPEAL COUNSEL . . . . Michael Creston Linton

Trial Judge . . . . . . . . . W. Edwin Denman

District Attorney . . . . Teri Venne
For the State
BRAZORIA COUNTY
District Attorney
111 E. Locust Ste. 408 (A)
Angleton, Tx 77515

Counsel For State . . . . Michael Diaz

(2)

# TABLE OF CONTENTS
## TEX. R. APP. P. 68. 4 (A)

STATEMENT OF CASE STYLE AND CASE NUMBER.......... 1

NAMES OF All PARTIES .............. 2

INDEX of Authorities ............... 4

Statement REGARDING Oral ARGUMENTS......... 6

Statement OF the Case .............. 6

Statement OF PROCEDURAL History ........... 6

REASON FOR GRANTING REVIEW (T.R.A.P. 66.3) 8

Ground FOR REVIEW 1............ 9

Ground FOR REVIEW 2............ 13

GROUND FOR REVIEW 3............ 15

Ground FOR REVIEW 4............ 18

Ground FOR REVIEW 5............ 19

GROUND FOR REVIEW 6............ 20

GROUND FOR REVIEW 7. 21

GROUND FOR REVIEW 8. 22

ARGUMENT............... 9-22

PRAYER FOR RELIEF........... 24

CERTIFICATE OF SERVICE AND INMATE DECLARATION 25

APPENDICES

# INDEX of Authorities
## TEX. R. APP. P. 68. 4 (b)

CASES:

Abdnor v. State 871 S.W. 2d. 726, 732 (1994).

Anderson v. State 103 S.W. 2d. 753. (1983).

Bogey v. State 40 S.W. 3d. 624 (2001).

Booth v. State 679 S.W. 2d. 498, 500 (1984).

Brown v. Ohio 432 U.S. 161. 97 S.ct 222 (1977),

Burrough v. Lyles 181 S.W. 2d. 590, 142 Tex 504

Donald v. State 198 Ariz 406, 10 P.3d 1193. 3.9-1(b)(c).

Ex Parte Elizondo 947 S.W. 202, 209 (1996)/

Garrett v. Estelle 424 F. 468

Gomez v. State 183 S.W 3d. 86 (2005)

Hall v. State 225 S.W. 3d. 524

Hampton v. State 66 S.W. 3d. 430 (2001)

Honeycutt v. State 828 S.W. 3d. 545

Ex Parte Jefferson 681 S.W. 2d. 33 Tx. Crm App. (1984).

Johnson v. State 981 S.W. 2d 759, 762 (1998).

Kizart v. State 811 S.W. 2d. 137, 139 (1991).

Long v. State 823 S.W. 2d. 259, 272 Tex. Crm App (1991).

Luck v. State 588 S.W. 2d. 371, 375 (1979).

McCotter v. Charles Lyons 770 F 2d 529 (1985).

Oggletree v. State 851 S.W. 2d. 367

Rabb v. State 681 S.W. 2d 152 (1984),

Reyes v. State 88 S.W. 3d. 237

Reynolds ExParte 588 S.W. 2d. 900 (1979),

ExParte Siller 686 S.W. 2d. 617 Tx. Crm App (1985).

Shelvin v. State 884 S.W. 2d. 874 (1994),

Smith v. State 676 S.W. 2d 584 (1984),

Sterling v. State 791 S.W. 2d. 274 (1990),

Thomas v. State 708 S.W. 2d. 580 (1986),

Villalon v. State 791 S.W. 2d. 130 -132 (1990),

Walls v. State 744 S.W. 2d. 671, 674 (1988),

(4)

## Statutes:

### Tex. Code. Crim. Proc. Ann. Art.

114 S. ct. 2187 Tex. Code. Crim. App. (1994).
210 S. W. 3d. 645 Tex. Crim. App. (2006).
119 S. ct. 2090 Tex. Crim. App. (1999).
871 S. W. 2d. 726, 731 Tex. Crim. App. (1994).
352 S. W. 3d. 835 Tex. App. (2011)
327 S. W. 3d. 349-356 Tex. App. Lexis (8851)
843 S. W. 2d. 364 Tex. App. (1992)
38 S. W. 3d. 836 Tex. App. (2001)
146 S. W. 3d. 801 Tex. App. (2004)
708 S. W. 2d. 580 Tex. App. (1986)
791 S. W. 2d. 274 Tex. App. (1990)

### Criminal Law Key 795 2.10

Vernon's Ann Texas C. C. P. Art. 37.09 (5)
Vernon's Ann Texas C. C. P. Art. 37.09 (6)
Vernon's Ann Texas C. C. P. Art. 333-340-360
Vernon's Ann Texas C. C. P. Art. 37.09
Vernon's Ann Texas C. C. P. Art. 36.15
Vernon's Ann Texas C. C. P. Art. 36.15 (6.59)(7.37)(6.17)

### Criminal Law - Key 827-828

Vernon's Ann Texas C. C. P. Art. 36.14, 36.15
Vernon's Ann Texas C. C. P. Art. 36.18
Vernon's Ann Texas C. C. P. Art. 36.14, 36.15, 36.17, 36.18
Vernon's Ann Texas C. C. P. Art. 36.19

### Constitutions: Tex. Const. Art. V. 13

Vernon's Ann St. Const. Art. 1 §13
U. S. C. A. Const. Amend. 14
U. S. C. A. Const. Amend. 1 *14
U. S. C. A. Const. Amend. 5
U. S. C. A. Const. Amend. 5, 14

## Statement Regarding Oral Argument
### Tex. R. App. P. 68. 4(c)

The Petitioner is not able to Argue his case and waives any oral Arguments under Tex. R. App. P. 68-4 (c). Petitioner Request for an Appointment of an Attorney to Assist Him with Any Oral (or) Written Arguments.

## Statement of the Case
### Tex. R. App. P. 68. 4(d)

Petitioner was charged with the Offense of Robbery. On October 4, 2011, A Jury found Petitioner guilty. On October 5, 2011 the Jury Assessed A Sentence of (25) Years in the Texas Department of Criminal Justice. Smith Perfected his Appeal on October 12, 2011

## Statement of Procedural History
### Tex. R. App. P. 68. 4(E)

Petitioner perfected his Appeal on October 12, 2011. Petitioner was Appointed Indigent Counsel, Creflin, Michael Linton, who filed a brief on Petitioner's behalf on April 10, 2012. In the Fourteen Supreme Judicial District Appellate Court at Houston. The Judgement of trial Court was Affirmed And Memorandum Opinion filed February 7, 2013 by Senior Justice Margaret Garner Mirabal, Panel Consisting of Justices Boyce, McCally, And Mirabel.

(6)

## COURT OF CRIMINAL APPEALS OF TEXAS
## TEX. R. APP. P. 66.3

Petitioner Request the Court of Criminal Appeals Power of Supervision in Accordance with Tex. Rules App. Proc. 66.3 Specifically Asking:

(1) 66.3 (A) To decide Extrapoliation testimony considered.

(2) 66.3 (b) Whether the Court of Appeals Misconstrued Tex. Code. Crim. Proc. Ann. Apt. 46 B. 004 (b) (c) When competency is in question by the trial Judge.

(3) 66.3 (b)(5) Whether the Court of Appeals has sanctioned the Lower Court to go far depart from the Accepted and usual course of Judicial Proceedings.

(7)

# GROUNDS FOR REVIEW

(1) ASSAULT / theft

(2) OPTION OF LESSER INCLUDED CHARGE

(3) Fail to Object to ENHANCEMENT OF (2) charges

(4) Fail to Object to PRIOR (10) YEAR Statute of Limitation

(5) Attorney fail to Object to INCORRECT Admonishment

(6) Self-Defense

(7) Photographic Evidence

(8) INEFFECTIVE Assistance of Counsel.

(8)

# ARGUMENT
## TEX. R. APP. P. 68. 4(9)
### GROUND NO. 1.

To constitute Robbery as distinguished from theft, property must have been taken by assault or violence or by putting victim in fear of life or bodily injury and if no fear was excited prior to act of Robbery, there must have been force or violence used with respect to person robbed while at theft there may be neither fear nor force used. ANDERSON V. STATE 103 S.W. 2d. 953, 132 TEX. CRIM 253.

The Texas Penal Code provides that a person commits Aggravated Robbery if he commits Robbery and he "uses or exhibits a deadly weapon". TEX. PENAL CODE ANN. 29.03 (A)(2) VERNON, SUPP. 1993). A person commits theft if he "unlawfully appropriates property." TEX. PENAL CODE ANN. 731.03.(A) VERNON (1989). A person commits Robbery if in the course of committing theft and with intent to obtain (or) maintain control of property, he intentionally (or) knowingly threatens (or) places another in fear (or) imminent bodily injury (or) death. TEX. PENAL. CODE. ANN. 61 29.02 (A)(12) VERNON 1989). In the course of committing theft means "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt (or) commission of theft." TEX. PENAL. CODE ANN. 61 29.01(1) VERNON 1989) (emphasis added.

(9)

In his SECOND POINT OF ERROR, APPELLANT ARGUES that, BECAUSE STATE did NOT PROVE BEYOND A REASONABLE doubt that he was the defendant, the trial COURT IMPROPERLY CONSIDERED his PRIOR CONVICTION IN ASSESSING his Punishment. The Jury FOUND APPELLANT GUILTY OF the LESSER INCLUDED OFFENSE OF SEXUAL ASSAULT. DURING the Punishment Phase OF trial, APPELLANT PLEd true to two ENHANCEMENT CONVICTIONS, #1. The JURY did NOT FIND the APPELLANT USED (OR) EXhibited A deadly WEAPON. HAMPTON V. State 66 S.W. 3d. 430 (1st 2001). Pet. Ref'd). A WAl-MART SECURITY GUARD SAID the defendant CONCEAL STORE MERCHANDISE UNDER her clothing. the Officer followed the defendant to the FRONT OF the STORE AFTER the defendant PASSED the CHECKOut COUNTER WithOut PAYING, the GUARD STOPPED her and tOOK her, to the Stores OFFICE, while they were waiting for the Police, the One defendant ATTACKED the GUARD And tried to EscAPE. the EPisode lasted from 13 to 20 MINUTES, the COUrt REJECTED the defendant's CONTENTION that the EVIDENCE WAS INSUFFICENT to PROVE that her VIOLENT CONDUCT WAS RELated to AN IMMEDiate AttEMPT to EscAPE. THOMAS V. State, 708 S.W. 2d. 580 TEX. APP. 1986)

(10)

THE DEFENDANT HAD BEEN CONVICTED OF UNAUTHORIZED USE OF A MOTOR VEHICLE. CONSEQUENTLY, THE STATE PURSUIT OF A SECOND CONVICTION FOR THEFT OF THE SAME VEHICLE WAS A VIOLATION OF DOUBLE JEOPARDY. EX PARTE JEFFERSON 681 S.W. 2d 33 (1984).

A DEFENDANT CAN BE CONVICTED ON ONLY ONE OF TWO CHARGES CONTAINED IN A INDICTMENT ARISING OUT OF A SINGLE INCIDENT, CHANGED BY AN AMENDMENT TO §1 3.01 OF THE PENAL CODE EFFECTIVE SEPT. 1, 1987. EX PARTE SILLER 686 S.W. 2d 617 TEX. CRM. APP. (1985).

WHEN DEFENDANT TOOK MEAT FROM THE GROCERY STORE, TITLE THE OWNER OF MEAT, AND SOLE VICTIM OF THE ATTEMPTED THEFT WAS THE STORE OWNER, NOT THE TWO EMPLOYEES WHO CHASED DEFENDANT AND WHO WERE THREATENED WITH KNIFE, THEREFORE, CONVICTING DEFENDANT OF TWO CHARGES BASED ON ONE INCIDENT VIOLATED DOUBLE JEOPARDY. U.S.C.L.A. CONST. AMEND. 5. OGLETREE V. STATE 851 S.W. 2d. 369 (1993). OGLETREE V. STATE 851 S.W 2d. 367. VIEWING THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE VERDICT WE MUST DETERMINE WHETHER ANY RATIONAL TRIER OF FACT COULD HAVE FOUND THE ESSENTIAL ELEMENTS OF THE OFFENSE BEYOND A REASONABLE DOUBT.

(11)

The Constitutional Provision guaranteeing to all persons equality of rights was designed to prevent any person (or) class of persons from being singled out as a special subject for discriminating or hostile legislation. Vernon's Ann. St. Const. Art. 1 §3 Burrough v. Lyles, 181 S.W. 2d. 570, 142 Tex 704.

If a classification targets a suspect class or impacts a fundamental right, it will be strictly scrutinized upon equal protection challenge and upheld only if it is precisely tailored to further a compelling government interest. U.S.C.A. Const. Amend 14. Sonnier v. Quarterman 476 F 3d 349.

THE COGNATE - PLEADINGS APPROACH AS THE SOLE test FOR DETERMINING IN THE FRIST STEP IS WHETHER A PARTY MAY BE ENTITLED TO A LESSER INCLUDED OFFENSE INSTRUCTION. HALL V. State 5. W. 3d. 524

THE FRIST STEP IN THE LESSER-INCLUDED OFFENSE ANALYSIS DETERMINING WHETHER AN OFFENSE IS A LESSER-INCLUDED OFFENSE OF THE ALLEGED OFFENSE IS A QUESTION OF LAW. IT DOES NOT DEPEND ON THE EVIDENCE TO BE PRODUCED AT THE TRIAL, AND IT MAY BE, AND to PROVIDE NOTICE to THE DEFENDANT MUST BE CAPABLE OF BEING PERFORMED BEFORE TRIAL BY, THE COMPARING THE ELEMENTS OF THE OFFENSE AS THEY ARE ALLEGED IN THE INDICTMENT (OR) INFORMATION WITH THE ELEMENTS OF THE POTENTIAL LESSER-INCLUDED OFFENSE. VERNONS. ANN. TEXAS C.O.P. ART. 37.09.

SECOND STEP IN THE lesser included offense

ANAlysis should Ask whether there is
Evidence that supports giving the inst-
-ruction to the Jury in this step of the
ANAlysis, ANything More than A Scintilla
of Evidence may be sufficient to entitle
A defendant to a lesser Charge. Vernon
ANN. Texas C.C.P. Art. 37.09.

A defendant is entitled to An Instruction
ON A lesser-included offense And where
the Proof for the charged includes the
Proof necessary to establish the lesser
included offense And there is some
Evidence in the record that would
Permit A Jury rationally to find that
if the defendant is guilty, He is guilty
only of the lesser Included offense.
VERNONS ANN. TEXAS C.C.P. Art. 37.09.

If your Plea is Voluntary You can attack only
the Jurisdiction or Power of the Court to
bring You to trial. For example, You would
be able to challenge an Indictment if it did
not charge an offense under the State law
(OR) if You were tried for a felony when
the Act You committed was only A mis-
-demeanor. BROWN V. BETO 377 F2d.
950 (5th Cir 1967).

(14)

## ARGUMENT
## TEX. R. APP. P. 68.4 (9)
## GROUND No. 3.

Fifth Amendment Protection Against double Teopardy includes Protection from Multiple Punishments for same Offense. U.S.C.A. Const. Amend. (5). HoneyCutt V. State 82 S.W. 3d 545. To determine whether there are two Offenses for double Teopardy purposes. The test to be Applied is whether one statute requires proof of A fact where the other does not. Explarte Harris 583 S.W. 2d. 419 Ti. Crm. App. (1979) Same Act leading to an Assault Conviction and followed later by A Murder Conviction Violates double Teopardy, BROWN V. Ohio 432 U.S. 161 97 S.ct. 2221 (1977) Where the same Act or transaction Constitutes A Violation of two distinct Statutory Provisions the test to be Applied to determine whether there are two Offenses (or) only one, for double Teopardy Purposes. Is whether each Provision Requires proof of A fact which the other does not. U.S.R.A. Const. Amend. 5.

(15)

THE "SAME ELEMENTS" test is used to determine if two convictions constitute multiple punishment for the same offense under the double jeopardy clause. U.S.C.A. Const. Amend. 5. Key 135.

A multiple punishments double jeopardy claim can arise in two contexts: (1) the lesser-included offense context, in which the same conduct is punished twice, once for the basic conduct, and a second time for that same conduct plus more, and (2) punishing the same criminal act twice under two distinct statutes when the legislature intended the conduct to be punished only once. U.S.C.A. Const. Amend 5. Key 134, 161. There are three distinct types of double jeopardy claims: (1). A second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. U.S.C.A. Const. Amend. 5.

Lang V. State 183 S.W. 3d 680 (2006).

WHEN SAME ACTION TRANSACTION VIOLATES two Statutory PROVISIONS, OFFENSES ARE SAME FOR double JEOPARDY PURPOSES if ONE OFFENSE CONTAINS ALL ELEMENTS OF the OTHER, THEY ARE different if EACH OFFENSE has UNIQUE ELEMENT. U.S.C.A. CONST. AMEND (5), HONEYCUTT V. STATE 82 S.W. 3d. 545. THE CONVICTION, NOT the Punishment, Controls the determination whether ENHANCEMENT is barred Under Habitual OFFENDER Punishment Statute REQUIRING SECOND-degree felony Punishment UPON CONVICTION OF STATE Jail felony With two PRIOR CONSECUTIVE FELONIES. V.T.C.A. PENAL CODE 12.42 (E) APPELLANT ARGUES that the PENALTY ENHANCEMENT in this CASE is barred bY SECTION 12.42 (E) OF TEXAS PENAL Code. FITE V. STATE 60 S.W. 3d. 314 (2001).

# Argument
## Tex. R. App. P. 68.4(9)
## Ground No. 4

Appellant Corrections department sought review of a decision from the United States District Court for the Northern District of Texas, which granted Appellant Prisoner's Petition for Writ of Habeas Corpus. Because Counsel failure to Object to Admission of Prior Criminal Record was Not Sound trial Strategy. Habeas Corpus Petitioner received Ineffective Assistance of Counsel, Appellee Prisoners trial for Aggravated Robbery, his Counsel failed to Object to the Admission of Appellee's Prior Record. Appellee was convicted And, After he Exhausted his State Appellate Remedies, he sought a federal Writ of Habeas Corpus And Argued that he was denied Effective Assistance of Counsel by his trial Attorney, the trial Court granted the writ. Appellant department of Corrections sought Review. The Court Affirmed. it found that under the first prong of the Strickland test, Appellee's Counsel's failure to Object was A deficient Performance And that the Error was so serious that Counsel failed to function as Counsel Guaranteed by U.S. Const. Amend. VI. under the second Prong, the deficient Performance Prejudiced the defendant, the defendant was granted deprived of Effective Assistance of Counsel. Habeas Relief granted.

(18)

<u>ARGUMENT</u>
<u>Tex. R. App. P. 68.4(g)</u>
<u>GROUND No. 5</u>

THE PROSECUTION AND the trial Courts may Adopt Some measures to help ENSURE Against late, frivolous, or fabricated claim 1407 After A later, less Advantageous plea offer has been Accepted or After A trial leading to Conviction with resulting harsh Consequence, <u>First</u>, the fact of a formal offer means that its term and its processing can be documented so that what took place in the negotiation process becomes more clear if some late inquiry turns on the conduct of earlier Pretrial Negotiation Process becomes more clear, if some late inquiry turns on the conduct of earlier Pretrial. <u>Second</u>, States may elect to follow Rules that All offers must be in writing, Again to ensure Against later Misunderstanding (or) fabricated charges. Rule 3.9.1(b) (2012).

## Argument
## TEX. R. APP. P. 68.4(9)
## GROUND No. 6

A person is justified in using force against all other when and to the degree by reasonable believe the force is immediately necessary to protect himself against the other use or attempted use of unlawful force. Tex. Pen. Code. Ann. # 9.31 (A) Vernon Supp 2000). Under certain circumstances a person may also use force in defense of a third person see Id. 6 9.33 (Vernon 1994) and in defense of property. See Id. 6 9.41, 9.43 Self-defense is a justification excluding criminal responsibility and as such is a defense. Luck v. State 588 S.W. 2d, 371, 375 Tex. Crim. App. 1979. Kizart v. State 811 S.W. 2d 137, 139 Tex. App. 1991. Once a defendant has produced sufficient evidence to raise the defense, the State is required to disprove the defense beyond a reasonable doubt. Boget did not testify, but a defendant need not testify in order to raise the issue of self-defense. Shelvum v. State 884 S.W. 2d, 874, (1994).

Walls v. State 744 S.W. 2d, 671, 674 Tex. App. San Antonio, 1988. Smith v. State 676 S.W. 2d, 584, 585 - 89 Tex. Crim. App. 1984,

(20)

## ARGUMENT
## TEX. R. APP. P. 68.4(9)
## GROUND NO. 9.

Photographic Evidence, the Court of Appeal
has land out several factors, though not
exclusive, to consider when evaluating
Photographic Evidence of this sort. Narvaiz
V. State 840 S.W. 2d, 415, 429 Citing Long
V. State 823 S.W. 2d, 259, 272 Tex. Crim.
App. 1991), Government cannot be allowed
to bar cameras from governmental
proceedings without more compelling
and factually demonstrable reasons
than such vague and highly subjective
concepts as "taste" and "dignity."
U.S.C.A. Const. Amends. 1, 14 Garrett
V. Estelle, 424 F. Supd. 468. Reversed.

(21)

# ARGUMENT
## Tex. R. App. P. 68, 4(g)
## GROUND NO. 8

THE PERFORMANCE PRONG OF STRICKLAND that REQUIRES A DEFENDANT to SHOW that the COUNSEL'S REPRESENTATION FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS. 474 U.S. At 37. 106 S.Ct. 366 (Quoting Again STRICKLAND 466 U.S. At 688, 104 S.Ct. 2052).

In this CASE All PARTIES AGREE the PERFORMANCE OF RESPONDENT'S COUNSEL WAS DEFICIENT when he Advised RESPONDENT to REJECT the PLEA OFFER ON the grounds he Could Not be CONVICTED At trial; In light of this CONCESSION, it is UNNECESSARY for this COURT to EXPLORE this ISSUE. HE MADE ME GIVE AWAY MY (8) YEARS that WAS ON THE TABLE FOR ME by HIM TELLING ME do don't take the (8) YEAR BECAUSE HE CAN bEAT MY CASE. THE LACK OF A FORMAL OFFER MEANS that its TERMS AND PROCESSING CAN bE DOCUMENTED AS to WHAT tOOK PLACE IN NEGOTIATION PROCESS.

(22)

Not states may elect to follow rules that all offers must be in writing again to ensure against later misunderstanding. (at) any plea-offer to be made by the prosecutor shall be in writting and then forwarded to the defendant's attorney, formal offers can be made part of the record at any subsequent plea proceeding. Rule 3.9-1(b)(2012) State V. Donald 198 ARIZ 406.10 P.3d. 193 Also N.I. et. Rule 3.9-1(b)(c). RE AIVENNAZ. 2 Cal. 4th 924 938 N.Y. 8 Cal. RPT.R 2d 713 830 P.2d. 747, 756. N.T.(1992). Defendants have a sixth amendment right to counsel, a right that extends to the plea-bargaining and process. Frye, Ante, At 1386-1389, 132 S-et. 1399 Padilla V. Kentucky 559 U.S. 130.

(23)

## PRAYER FOR RELIEF
### TEX. R. APP. P. 68.4(b)

PETITIONER PRAYS that this Court Grant his PETITION For DISCRETIONARY REVIEW. Following the GRANT of REVIEW, PETITIONER PRAYS the JUDGEMENT of the COURT of APPEALS BE REVERSED AND the CASE REMANDED to the trial COURT FOR A NEW trial, OR ANY OTHER APPROPRIATE RELIEF.

(24)

## CERTIFICATE of SERVICE
### TEX. R. APP. P. 68.11

PETITIONER WAS UNABLE TO OBTAIN COPIES
to SUPPLEMENT State PROSECUTORS VERSION.

## DECLARATION

I PERCY BENJAMIN SMITH III, AM THE PETITIONER
AND being PRESENTLY INCARCERATED IN the
HUNTSVILLE UNIT, declare UNDER PENALTY of
PERJURY that, ACCORDING, to MY belief, the
facts STATED IN the ABOVE APPLICATION
ARE TRUE AND CORRECT.

SIGNED ON June 8          2015

Percy Benjamin Smith III
SIGNATURE

(25)

**Motion Granted; Appeal Dismissed and Memorandum Opinion filed March 24, 2015.**



In The

## 𝔉ourteenth Court of Appeals

### NO. 14-15-00163-CR

**PERCY BENJAMIN SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 65134-B**

## M E M O R A N D U M   O P I N I O N

On February 25, 2015, appellant filed a pro se notice of appeal complaining of the trial court's failure to rule on his application for writ of habeas corpus. On March 11, 2015, appellant filed a letter stating the notice of appeal was filed in error and requesting that we dismiss the appeal. We have construed the letter as a motion to dismiss the appeal. *See* Tex. R. App. P. 42.2(a). The motion is granted.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Wise.

Do Not Publish — Tex. R. App. P. 47.2(b).